[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REARGUE DATED NOVEMBER 15, 2000
On October 30, 2000, this court held a hearing on the plaintiffs (wife) motion for temporary alimony. The parties submitted financial affidavits dated October 30, 2000, and the plaintiff introduced the defendant's (husband) 1999 federal income tax return and other income tax documents for the 1999 tax year. (See Plaintiffs Exhibits 1, 2, 3.)
After considering all the evidence, the court ordered the defendant to pay $2,000 per week in temporary alimony to the plaintiff. The defendant agreed to pay $500 per week in child support for their minor son, David Kremenitzer.
On December 11, 2000, this court held a second hearing on the defendant's motion to reargue, in which he alleges that the court arrived at the $2,000 temporary alimony order by using 60 percent of his 1999 gross income (see page 82 of transcript) rather than his net spendable income. He claims this $2,000 temporary alimony order is excessive. He also argued that the court was misled by arguments of plaintiffs counsel.
The court has reviewed the entire eighty-two page transcript detailing the testimony of both parties. In argument, the plaintiffs attorney believed a fair temporary weekly alimony order should range from a minimum of $1,500 to a maximum of $2,500 per week. (See pages 62 and 63 of the transcript.) The defendant's attorney responded that an appropriate temporary alimony order should be $625 per week. (See page 67 of the transcript.)
Some background facts which are not in dispute may shed some light on the issue in question. The defendant is a fifty-three year old licensed CT Page 397 physician specializing in neurology. He works a full five day week for about eight hours a day. For the past ten years, he has been associated in a successful group practice with five other partners known as Associated Neurologists, Inc. in Danbury, Connecticut. In his 1999 Federal Income Tax Form 1120, gross receipts for this group practice were reported to be $3,434,356. (See Plaintiffs Exhibit 1.) The defendant's financial affidavit reported a net weekly income of $2,339 per week, and total weekly living expenses of $2,123 per week. His total cash assets shown on his financial affidavit are $1,831,360, and the plaintiff lists total cash assets of $388,292.73 on her affidavit.
The plaintiff is also a licensed physician in Connecticut and is fifty-three years old. For the past year, she has been employed as a physician-consultant by Be Family Network, a non profit agency for children. For the past eleven months, her gross monthly salary was $4,000, and her net weekly salary is $670 per week. Her weekly household and living expenses are listed on her financial affidavit amount to be $12,981 per month, or $3,000 per week. In a letter to her dated December 6, 2000, the employer, Be Family Network, suspended her salary until such time as it receives funding to continue paying her. (See Defendant's Exhibit 4, Hearing of December 12, 2000.) For most of the marriage, the plaintiff chose to be at home with the two minor children, and only recently sought employment outside the home.
Section 46b-83 of the Connecticut General Statutes applies to temporary alimony orders. It states that the court must consider all of the criteria in § 46b-82 of the Connecticut General Statutes except fault. The criteria includes the length of the marriage, the age, health, station, occupation, sources of income, vocational skills, employability, the estate and the needs of the parties.
The parties have been married for twenty-six years. There are two children of this marriage: Rebecca Kremenitzer, twenty-four, is a graduate of Brandeis University and has reached her majority. David Kremenitzer is a minor in his senior year at Newtown High School. Both parties are in reasonably good health, although the defendant testified he has reduced the number of hours he works each day by taking two thirty minute rest breaks each day. Nevertheless, he is working five days a week and spends eight hours a day seeing between eighteen and twenty patients at least. For the past three years, the partners in this group, including the defendant, have been paid a $50,000 bonus at the end of each year. However, the defendant believes he does not have enough work credits to entitle him to the $50,000 bonus this year.
On December 11, 2000, this Court ordered the defendant's accountant, Anthony Mercaldo, a CPA, who is also the accountant for the medical CT Page 398 group, to send me the names of the doctors in the group receiving the bonus for the year 2000. On January 2, 2001, Mr. Mercaldo advised the court that a gross bonus of $54,400 was earned by all the doctors in the group, including the defendant. The net bonus, after taxes, would be $29,131.20 payable in a lump sum on or before January 15, 2001.
Upon receipt of the net bonus, the defendant is ordered to pay the plaintiff 25 percent or $7,282.75, and the balance of 75 percent or $21,848.45 shall be retained by the defendant.
What is not in dispute is the fact that the parties had enjoyed a comfortable lifestyle during their marriage and were able to meet all their expenses. Now the plaintiff has a shortfall of $500 a week between the $2,500 per week she receives in income from the defendant and the $3,000 she needs to meet her weekly expenses. Furthermore, as of December 6, her net weekly salary of $670 has been suspended. (See Defendant's Exhibit 4.)
The court believed her testimony and accepts as a fact the $77,880.05 listed on her financial affidavit as credit card debt, part of which she used to meet her $500 shortfall in weekly expenses. Furthermore, the defendant now is incurring weekly expenses of $2,123 since leaving the marital home in June, 2000.
The court believed the plaintiffs testimony that her normal and reasonable household and living expenses are $3,000 per week and have remained essentially the same during the past ten years of this marriage.
The court did not base the $2,000 temporary alimony on 60 percent of the defendant's 1999 gross income as page 81 of the transcript would indicate. It considered the entire eighty-two page transcript, the exhibits in evidence, and the plaintiffs $3,000 in living and household expenses before ordering the defendant to pay temporary alimony of $2,000 per week.
It also considered all of the criteria in § 46b-82 of the Connecticut General Statutes in ordering the defendant to pay this $2,000 temporary alimony per week award.
For these reasons, the $2,000 order entered on October 30, 2000 shall remain in full force and effect until the final dissolution decree is entered. Tobey v. Tobey, 165 Conn. 742 (1974). The motion to reargue is, therefore, denied.
Petroni, J.T.R. CT Page 399